10250 Constellation Blvd., Suite 1100
Los Angeles, California  90067
Tel: +1.424.653.5500  Fax: +1.424.653.5501
www.lw.com

**LATHAM&WATKINS**LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

April 28, 2026

**VIA ECF**

The Honorable Paul A. Engelmayer
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re:    ***Macy's Systems and Technology, Inc. v. CA, Inc., 1:25-cv-08530-PAE – Letter Motion to Stay***

Dear Judge Engelmayer:

Pursuant to Local Civil Rule 37.2 and this Court's Individual Rule 2.E, Defendant CA, Inc. ("CA") respectfully requests that the Court stay document review and production pending a decision on CA's Motion to Dismiss Plaintiff Macy's Systems and Technology, Inc.'s ("Macy's") Amended Complaint (the "MTD").  CA proposes that the parties continue conferring on the scope of potential discovery (*e.g.*, custodians, search terms, and ESI protocol), but defer time-consuming and costly document review and productions until the MTD is resolved.  Good cause for this stay exists because (i) CA's MTD raises dispositive arguments that would end the case; (ii) discovery would be burdensome and likely disproportionate to the relief sought; and (iii) no prejudice would result as, under CA's proposal, the parties would be prepared to quickly and efficiently begin productions while maintaining a tight case schedule.  The parties met and conferred on April 27, 2026, and Macy's stated that it opposes CA's request.

I.    **BACKGROUND**

In 2022, Macy's and CA executed an order form for a three-year initial term ending on June 18, 2025 (the "2022 Order Form").  The 2022 Order Form granted Macy's a stated price for an optional three-year renewal, but expressly provided that "[t]he provisions of this document, including pricing, [apply] to the initial term only." *See* ECF No. 32 Ex. C.  On February 17, 2025, Macy's expressed its "plans to renew" and requested CA prepare an order form for Macy's "review and approvals." *See* ECF 38-1.  On April 9, 2025, CA sent a draft renewal order form that lacked the termination-for-convenience ("TFC") clause that was in the 2022 Order Form. *See* ECF 38-2.  Over the next two months, the parties negotiated the renewal.  While the Amended Complaint alleges that CA did not "reference any expiration date or deadline for its services" between April 9 and early June (*see* Am. Compl. ¶ 49), CA in fact sent multiple emails to Macy's warning that the June 18 expiration date was approaching and that a signed agreement was needed to avoid service disruption. *See, e.g.*, Ex. 1 (May 21: "[W]e want to reiterate several critical considerations. The existing MF contract . . . expires on 6/18/2025 . . in order to finalize the [new] contract . . . we will need both the signed Order Form/Executable as well as a Purchase Order. . . please ensure the executed agreement & PO are returned by Friday, 6/13 to ensure renewal is processed and our support systems are updated prior to expiration of the current term.").  On June 17, 2025, Macy's

LATHAM&WATKINS LLP

signed the new order form (the "2025 Order Form"), which did not include a TFC clause.

Four months later, on October 15, 2025, Macy's filed this action seeking a declaratory judgment that the 2025 Order Form is "invalid, void, and unenforceable due to duress." ECF No. 1 at 15. On March 27, 2026, CA moved for judgment on the pleadings on the grounds that Macy's Complaint failed to satisfy New York's exacting standard for economic duress because (1) CA's insistence on its reasonable interpretation of the 2022 Order Form was not a "wrongful threat," and (2) Macy's had adequate legal remedies as alternatives to signing. ECF No. 25. Rather than oppose the motion, Macy's opted to file its Amended Complaint on April 14, 2026. ECF No. 32.

On March 6, 2026, the parties exchanged document requests which seek communications dating back to 2010. The parties exchanged responses and objections on April 21, 2026.

## II.    ARGUMENT

Courts have broad discretion to stay discovery for good cause, considering (i) "the strength of the [MTD]"; (ii) the "breadth of discovery sought"; and (iii) "any prejudice that would result." *O'Sullivan v. Deutsche Bank AG*, 2018 WL 1989585, at *4 (S.D.N.Y. Apr. 26, 2018). All three factors favor a stay here.

### A.    The Strength Of CA's MTD Weighs In Favor Of A Stay

If granted, CA's MTD would result in the dismissal of Macy's sole cause of action. The Court need "not predict the outcome" of the MTD, but will take an "initial review" to assess whether the motion "appears not to be unfounded in the law." *Boelter v. Hearst Commc'ns, Inc.*, No. 15 CIV. 03934 (AT), 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016). Where a motion is potentially dispositive, stays should be granted to "avoid the need for costly and time-consuming discovery." *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09 CV 5874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009); *see Gandler v. Nazarov*, No. 94 CIV. 2272 (CSH), 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994) (motion that is "potentially dispositive" favors a stay); *Gastineau v. ESPN Inc.*, 2025 WL 2733155, at *2 (S.D.N.Y. Sept. 24, 2025) (Engelmayer, J.) (staying discovery where motion to dismiss "made a strong initial showing").

Economic duress is an "extreme and extraordinary" remedy that is "particularly difficult" for sophisticated commercial actors to invoke. *Citibank, N.A. v. Tormar Assocs. LLC*, No. 15-CV-1932 (JPO), 2015 WL 7288652, at *4 (S.D.N.Y. Nov. 17, 2015). The MTD demonstrates that Macy's does not plausibly plead either of the two required elements of duress: (1) a "wrongful threat"; or (2) the absence of adequate alternatives.

Under New York law, "threats to enforce a party's . . . *interpretation* of its rights—cannot constitute a wrongful threat sufficient to establish a claim of economic duress." *Cooper Dev. Co. v. Friedman*, No. 92 CIV. 7572 (JSM), 1994 WL 62846, at *4 (S.D.N.Y. Feb. 22, 1994), *aff'd*, 43 F.3d 1458 (2d Cir. 1994) (emphasis in original). Here, CA advocated for its reading of the 2022 Order Form during a legitimate interpretive dispute—precisely the kind of dispute that forecloses a duress claim as a matter of law. *See Interpharm, Inc. v. Wells Fargo Bank, N.A.*, 2010 WL 1257300, at *8 (S.D.N.Y. Mar. 31, 2010). Macy's has thus failed to plead a wrongful act.

Moreover, Macy's had sufficient time to pursue legal remedies as a reasonable alternative to signing the 2025 Order Form. CA proposed the 2025 Order Form without a TFC clause on April 9, 2025—71 days before the 2022 Order Form expired on June 18—and told Macy's that it

**LATHAM&WATKINS** LLP

needed a signed copy of the Order Form to proceed. Macy's therefore had notice of CA's position with 71 days to seek legal remedies. Macy's opted to negotiate instead. Macy's now claims the deal was done when it sent its email on February 17, 2025, and that it had no idea CA believed otherwise until June 10, when a "countdown clock" to expiration appeared. This litigation-contrived argument is inconsistent with the parties' agreements and communications, contrary to Macy's original Complaint, and incongruous with Macy's February 17 request that CA prepare a new order form for Macy's "review and approvals." It is also immaterial because this District regularly rules on applications for provisional relief in fewer than 8 days. *See, e.g., Jane St. Grp., LLC v. Millennium Mgmt. LLC*, No. 1:24-cv-02783 (S.D.N.Y.) (Engelmayer, J.). The strength of CA's MTD thus weighs heavily in favor of a stay.

### B.    The Breadth Of Discovery Weighs In Favor Of A Stay

The costs of this litigation are likely to be disproportionate to the value of any relief Macy's might obtain. Macy's broad document requests confirm this concern. Macy's seeks, *inter alia*, all drafts, redlines, and communications relating to the 2010 order form, 2019 amendment, 2022 Order Form, and 2025 Order Form. *See, e.g.*, Ex. 2, RFP Nos. 2, 3, 4, 6, 7. Macy's also seeks CA's policies and practices regarding TFC rights across its *entire* customer base. *See* Ex. 2, RFP No. 8. Compliance with these requests would require review of documents from numerous custodians spanning more than 15 years, at a cost disproportionate to the value of the TFC clause at issue. Courts often grant stays after discovery requests have been exchanged, noting the relevant consideration is whether *future* costs "will impose a significant burden." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 84 (S.D.N.Y. 2020) (granting motion to stay after document requests were exchanged, finding the discovery sought would impose substantial burdens on the parties). The same is true here.

### C.    No Prejudice Would Result From A Short Stay

"[T]he passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery." *See O'Sullivan*, 2018 WL 1989585, at *9. CA seeks only a short stay while the MTD is pending. Macy's waited nearly four months after executing the 2025 Order Form before filing this action and agreed to multiple extensions of time, undermining any claim of urgency. ECF No. 1. Moreover, the parties have already exchanged discovery requests, and CA proposes that the parties continue conferring on discovery parameters so that they are prepared to immediately review and produce documents, and to proceed with a tight case schedule, if the Court denies this Motion.

*    *    *

CA expects Macy's to oppose the stay on the basis that CA previously agreed to a case schedule with discovery. However, CA's stay request comes after CA decided to challenge Macy's Complaint, after Macy's Amended Complaint reinforced that Macy's cannot state a claim, and after confirming the parties have diametrically opposing views about the scope of discovery—including Macy's intent to put communications dating back 16 years at issue. A stay avoids the high costs and burden of discovery and related motion practice while the MTD is pending.

### III.    CONCLUSION

CA respectfully requests that the Court stay discovery pending resolution of the MTD, but order the parties to continue meeting and conferring on the scope of document requests.

3

April 28, 2026
Page 4

LATHAM&WATKINS LLP

Respectfully submitted,

*/s/ Michael J. Reiss*

Michael J. Reiss (*pro hac vice*)
LATHAM & WATKINS LLP
10250 Constellation Blvd., Suite 1100
Los Angeles, CA 90067
Tel: (424) 653-5500

Kevin M. Jakopchek (*pro hac vice*)
LATHAM & WATKINS LLP
330 North Wabash Avenue, Ste. 2800
Chicago, IL 60611-3607
Tel: (312) 876-7700

*Attorneys for Defendant CA, Inc.*

cc: All Counsel of Record (via ECF)

Per the Court's Individual Rule 2(E), plaintiff's response is due May 4, 2026.

SO ORDERED.

Date: April 29, 2026
New York, New York

_____
PAUL A. ENGELMAYER
United States District Judge

4