UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MACY'S SYSTEMS AND TECHNOLOGY, INC.,

Plaintiff,

-v-

CA, INC.,

Defendant.

25 Civ. 8530 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

Defendant CA, Inc. ("CA") seeks a limited discovery stay, as to document review and production, pending the resolution of its motion to dismiss the Amended Complaint ("MTD"). Dkt. 41 ("Stay Mot."). Plaintiff Macy's Systems and Technology, Inc. ("Macy's") opposes. Dkt. 42 ("Opp'n"). For the following reasons, the Court grants the request to stay document discovery, pending resolution of the motion.

I.    Background

The Court assumes familiarity with this case. In brief: The Amended Complaint alleges that, in early 2025, Macy's timely exercised an option to renew a contract for software services with CA. Dkt. 32 ("Amended Compl.") ¶¶ 1, 5. It alleges that the renewed agreement included a provision allowing Macy's to terminate the agreement for convenience and receive a pro rata refund of fees paid (the "termination provision"). *Id.* It alleges that CA refused to honor the renewed agreement, and instead threatened to cease providing software services unless Macy's entered into a modified contract without the termination provision. *Id.* It seeks a declaration to the effect that Macy's validly renewed the contract containing the termination provision, and that

CA's ostensible modification of that agreement was unenforceable due to economic duress. *Id.* at 21.

On April 14, 2026, Macy's filed the Amended Complaint. Dkts. 32–33. On April 28, 2026, CA moved to dismiss. Dkts. 36–39. The same day, CA moved to stay document review and production, pending resolution of the MTD. Dkt. 41. On May 4, 2026, Macy's opposed. Dkt. 44.

## II.    Applicable Legal Standard

Under Federal Rule of Civil Procedure 26(c), a court has "considerable discretion" to stay discovery for good cause. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009). Factors relevant to whether good cause has been shown include: "(1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Miller v. Brightstar Asia, Ltd.*, 2020 WL 7483945, at *2 (S.D.N.Y. Dec. 21, 2020) (citation omitted). The party seeking a stay bears the burden of demonstrating good cause. *Id.*

## III.    Discussion

All three factors favor a stay of document discovery here.

***First***, on the limited and preliminary review appropriate to evaluating a stay application, CA has made a strong showing that its motion to dismiss has merit. To establish economic duress under New York law, a party must show that a threat was unlawfully made, and that it caused involuntary acceptance of contract terms because no alternatives were available. *Interpharm, Inc. v. Wells Fargo Bank*, 655 F.3d 136, 142 (2d Cir. 2011). Courts may void agreements for economic duress only in "extreme and extraordinary cases." *VKK Corp. v. Nat'l*

2

*Football League*, 244 F.3d 114, 123 (2d Cir. 2001).  The standard is "particularly difficult to meet in cases involving sophisticated actors."  *Citibank, N.A. v. Tormar Assocs. LLC*, No. 15 Civ. 1932, 2015 WL 7288652, at *4 (S.D.N.Y. Nov. 17, 2015).  And a party's reasonable insistence on enforcing its own interpretation of its contractual rights "cannot constitute a wrongful threat sufficient to establish a claim of economic duress."  *Cooper Dev. Co. v. Friedman*, No. 92 Civ. 7572, 1994 WL 62846, at *4 (S.D.N.Y. Feb. 22, 1994), *aff'd*, 43 F.3d 1458 (2d Cir. 1994).

CA argues that it sought to enforce its interpretation of the order form—*i.e.*, that Macy's right to renew the agreement under that form did not include renewal with the termination provision—and that that interpretation was reasonable.  On the Court's preliminary review, that argument has force.  Although the form allowed Macy's to "renew [it for] a one-time, optional three (3) year period [] by providing CA written notice," it elsewhere stated that the form's "provisions[,] including pricing, [apply] to the initial term only."  Amended Compl. ¶¶ 35, 37.  On initial review, it appears to be a reasonable reading of the latter provision that Macy's option to renew did not automatically include the termination provision.  CA's interpretation need only be reasonable, not necessarily correct, to obviate a claim of economic duress.  *See Cooper Dev. Co.*, 1994 WL 62846, at *4.  And allegations of "financial or business pressure" are insufficient to show economic duress, particularly given that the party claiming duress was sophisticated and well-resourced.  *Davis & Assocs., Inc. v. Health Mgmt. Servs., Inc.*, 168 F. Supp. 2d 109, 114 (S.D.N.Y. 2001).  On preliminary review, CA's position in support of dismissal—that its insistence on renewal without a termination-for-convenience right did not meet the high bar of an unlawful or wrongful threat—appears substantial.

*Second*, the scope of anticipated document discovery and the burdens it could present favor a stay. Macy's broadly seeks all communications and drafts related to earlier iterations of the order form (in 2010, 2019, 2022, and 2025). It also seeks CA's "policies, procedures, guidance, training, directives, and internal criteria" concerning "whether and when" it enters into agreements with other customers containing termination-for-convenience clauses. Such discovery may "drain[] the parties' resources" while CA's motion pends. *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002). Given the cost and time-intensive nature of modern electronic discovery in complex civil lawsuits, this factor counsels a stay. In contrast, a grant of the motion to dismiss would eliminate the need for any further discovery, such that a stay may meaningfully conserve the parties' resources.

*Third*, Macy's has not shown a risk of unfair prejudice from a stay keyed to resolution of the motion. It does not identify any documents, witnesses, or other sources of information that might become unavailable during a stay. Instead, it argues the "value" of the ostensible termination-for-convenience right, given the pro rata refund due under it, decreases as time passes. Opp'n at 3. But if Macy's were to have such a right, a breach of it by CA would be redressable in money damages. And the Court will direct the parties to continue conferring regarding discovery parameters, so that they can review and produce documents promptly if the Court denies the motion to dismiss. This factor thus supports a stay.

*Overall assessment*: All three factors favor a stay of discovery, pending resolution of the motion to dismiss. A stay is thus warranted. *See, e.g.*, *Honeywell Int'l, Inc.*, 2009 WL 2777076, at *1 (granting discovery stay pending dispositive motion where all three factors favored stay); *Johnson v. New York Univ. Sch. of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (same); *see also*

*Spencer Trask Software & Info. Servs.*, 206 F.R.D. at 368 (same, where defendants had

"substantial arguments" for dismissal and plaintiffs would not face prejudice).

## CONCLUSION

For the reasons above, the Court grants CA's motion to stay document discovery,

pending resolution of its motion to dismiss the Amended Complaint.  The Court directs the

parties to confer and reach agreement regarding discovery parameters, so as to enable their

prompt review and production of documents in the event the Court denies the motion to dismiss.

The Clerk of Court is respectfully directed to terminate the pending motion at docket 41.


SO ORDERED.


_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 11, 2026
       New York, New York

5